**FOLASA TIUMALU of Fagatogo, Plaintiff**

**v.**

**HERBERT SCANLAN and his wife THERESA SCANLAN of Fagatogo, Defendants**

No. 31-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Saumaleato" in Fagatogo]

June 14, 1961

Folasa Tiumalu *pro se.*

Tali, Counsel for the Defendants.

## OPINION OF THE COURT

MORROW, *Chief Judge.*

The defendants had begun the erection of a bakery building on Tiumalu Family land in Fagatogo when the plaintiff, a member of the Tiumalu Family, filed his petition to enjoin the erection of the building, alleging as a ground for injunction that the building was being erected "upon a parcel of land belonging to the Communal Matai Family of Tiumalu in the Village of Fagatogo; the said parcel of land is known as the 'Faleulu' which is supposed to be a

well known location for the Maota of the Tiumalu title and the whole Communal Family; i.e., where the guest fale or headquarters of the said Tiumalu Family for their general and public use in accordance with Samoan customs." The defendant Theresa Scanlan is a blood member of the Tiumalu Family while her husband Herbert, the other defendant, is also a member under Samoan custom, being a married man to the family. The matai, pursuant to Samoan custom, had assigned the land on which the bakery building was being erected to Theresa in order that she and her husband might put up a building on it and use it as a bakery. The defendants started to erect the building but discontinued its construction when the plaintiff filed his petition.

When the case was first called for trial, Tiumalu Taimane, the matai of the family, asked the Court to postpone the hearing in order that she might call a meeting of the Tiumalu Family for the purpose of discussing the dispute which had arisen within the family and to promote peace and harmony within it.

The meeting was called. There are five clans in the Tiumalu Family. Three of the clans expressly approved the assignment of the land to Theresa. A fourth clan, acting through its representative, Unai, impliedly approved the assignment by asking Uputasi to consent to the wish of the matai. Only the Faigata clan of which the plaintiff and Faamao are members disapproved it. The Faigata clan was represented by Folasa and Uputasi.

During the course of the hearing, the Court viewed the land involved in the presence of the parties, counsel, and the matai of the family.

The evidence established that the original guest house location was where the present Catholic church in Fagatogo is located. Tiumalu Lailai, the father of Taimane, the present matai, is buried just a few feet from the east end of the church. Prior to Lailai's death, he had moved the guest

house of the family from Faleulu to Saumaleato, a piece of communal land of the family on which the bakery building was being erected, using some of the timbers in the old guest fale in the erection of the new guest fale. The new guest fale was erected on the spot where Theresa and Herbert presently have their house, which is also the residence of the present matai. The part of the land Saumaleato on which Lailai erected the new guest fale is a considerable distance from the part of Saumaleato on which Theresa and Herbert started to erect their bakery. The Court could easily see that the part of Saumaleato on which the bakery building was being erected was not used nor at all necessary for the erection of Lailai's new guest fale.

It was claimed by the plaintiff Folasa that the very spot on which the bakery was being erected is now a part of the land Faleulu. The matai denied this on the witness stand. She claims that Faleulu is the spot wherever the matai has his (or her) residence, and that that has been true ever since Lailai moved the guest house location from Faleulu where the church is to the spot where Theresa and Herbert have their house, in which house, as we have already said, Taimane, the present matai, resides with Theresa and Herbert.

The evidence convinces us (and we saw the land and heard the witnesses) that the bakery was being erected on the land Saumaleato and not on Faleulu. No Tiumalu has ever had his guest house on the spot where the bakery was being erected.

Plaintiff Folasa has not rendered any service to the Tiumalu title since the case involving the renting of a piece of Tiumalu land to Max Haleck was heard about two years ago. Faamalo, who operates the Pago Bar on a piece of Tiumalu communal family land, has not rendered any service to the Tiumalu title since the Court designated Taimane as the Tiumalu some five or six years ago. Both Theresa and

Herbert render service to the Tiumalu title in accordance with Samoan customs.

█ Both Samoan judges (and they are matais) assure the writer of this opinion that the matai, under Samoan customs, has the pule over communal family lands; that such lands are under the matai's control and jurisdiction and that the matai has the authority to assign a piece of family land to a member of the family, and that it is not necessary to have a family meeting to discuss the matter prior to the assignment. Also the writer of this opinion, in view of his long experience in Samoa, knows the customs and that all of this is true. We take judicial notice of Samoan customs.

█ Section 2 of the American Samoa Code provides that "The customs of the Samoans not in conflict with the laws of American Samoan or the laws of the United States concerning American Samoa shall be preserved." There is no law of American Samoa nor law "of the United States concerning American Samoa" which deprives the matai of a Samoan family of the pule over communal family lands. This Court must abide by the foregoing provision in Section 2 of the Code in deciding this case. Of course the pule must be exercised fairly and justly for the benefit of the family.

█ Samoan custom gives the pule over the part of the land Saumaleato on which defendants Theresa and Herbert started to erect their bakery, it being communal family land of the Tiumalu title, to Taimane, the present Tiumalu. The custom does not put the pule over this land in the hands of plaintiff Folasa. If Faamao can have a piece of family land assigned to him for commercial purposes without rendering any service, we think Theresa, too, may have a piece of family land assigned to her for commercial purposes. Both Theresa and Herbert do render service.

Since Tiumalu Taimane, the matai, has assigned this land to Theresa, a blood member of the Tiumalu Family, for bakery purposes, it follows that the plaintiff Folasa's petition must be dismissed.

If Folasa or the Faigata clan in the Tiumalu Family, of which Folasa is a member, could stop the erection of this bakery, then Folasa or his clan would have the pule over the land involved and not the matai. That would be in direct violation of the Samoan custom which Section 2 of the Code says shall be preserved as long as it is not in conflict with a law of American Samoa or a law of the United States concerning American Samoa. The matai, not Folasa or the Faigata clan of the family, has the pule.

### ORDER

Accordingly, it is ORDERED that the plaintiff Folasa's petition be and the same is hereby dismissed.

Costs in the sum of $15.00 are hereby assessed against Folasa, the same to be paid within 30 days.